**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT J. NEIL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6242** |
| **CHARLOTTE RANDOLPH, ET AL.** | **SECTION "F" (3)** |

**REPORT AND RECOMMENDATION**

Before the Court is defendant Charlotte Randolph's Motion to Set Aside Entry of Preliminary Default and Motion to Dismiss for Improper Service [Doc. #14]. From this motion, the District Court referred to this Court one factual issue for determination: whether plaintiff perfected service on defendant Randolph [Doc. #19]. On this date, the undersigned conducted an evidentiary hearing on the issue of service. Present were Matthew Pepper on behalf of plaintiff and Carlton Cheramie on behalf of Randolph. After the hearing, the Court took the motion under advisement. After reviewing the memoranda, the case law and the parties' oral argument, the Court rules as follow.

**I.     Background**

Only the facts relevant to the issue of service are detailed below. Randolph, sued in her official capacity as Lafourche Parish President, and the other defendants in the suit were served on

September 24, 2009. Randolph's answer was due on October 15, 2009. None of the defendants answered. On January 2, 2010, the District Court ordered plaintiff to obtain a responsive pleading from or a preliminary default on all defendants. Plaintiff moved for the entry of preliminary default against Randolph on January 15, 2010. The clerk entered the preliminary default on January 20, 2010.

On February 1, 2010, plaintiff moved for default judgment. Three days later, on January 4, 2010, Randolph moved to set aside the entry of preliminary default. (According to the Court's e-filing system, Randolph received service of all filings via U.S. mail because she had not yet answered.) The district court then referred the motion to this Court to determine only whether service was in fact perfected on Charlotte Randolph.

## II. Evidentiary Hearing

At the evidentiary hearing, both Michael Logan Cooper, plaintiff's process server, and Randolph testified. Cooper testified first.[1] Cooper testified that he has been a process server for over six years. He stated that on the day in question -- September 24, 2009 -- he arrived at 402 Green Street, Thibodeaux, Louisiana 70302, home office for the Lafourche Parish government. He testified that he approached someone and asked for Charlotte Randolph. After about five minutes, a woman then presented herself to him and asked him if he had a package for her. He said yes and handed her the summons and complaint. He testified that he did not verify her identity, had never met Randolph before, and he was subsequently unable to identify her in the courtroom. On redirect, however, he noted that since serving Randolph, he has served over 1,000 people. He testified that

---

[1] Both Cooper and Randolph submitted affidavits with their respective memoranda. The affidavits generally track the substance of the witnesses' testimony at the evidentiary hearing.

he would have noted on the return of service -- had it been the case -- that someone other than Randolph had accepted service. He stated that he understood that he was to serve Randolph personally and knows the difference between personal and domiciliary service.

Randolph then took the stand. Ultimately, Randolph testified that plaintiff never personally served her with the summons and complaint in this lawsuit. Randolph testified that, after consulting her calendar for September 24, 2009, she was present in the office that day. She had meetings scheduled. Randolph stated that she had also not been called downstairs (her office is on the third floor) to accept a summons and complaint. She testified that she never met Cooper before. She stated that she had never been personally served in a corresponding state-court suit filed by plaintiff, but that the parish had been served and responsive pleadings had been filed in that suit. She testified that the general procedure to accept service in her office is that someone will accept it downstairs, date- and time-stamp it, make a copy of it, and then she will receive a copy. She admitted that it would be unusual for someone to serve her directly.

**III.    Analysis**

When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, Inc., 635 F.2d 434, 435 (5th Cir. 1981). That burden can generally be met by producing the return of service, which is *prima facie* evidence of the manner in which service was made. *See Tinsley v. Comm'r*, No. 396-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb.9, 1998); *see also O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) ("A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955))).

3

Service of process in this case is governed by Federal Rule of Civil Procedure 4(j)(2). The rule provides that service of process on a local government can be made either by "delivering a copy of the summons and of the complaint to its chief executive officer or by serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B). Louisiana Code of Civil Procedure article 1265 provides that service of process on any political subdivision may be made upon the governing authority's chief executive officer personally at his office. La. Code Civ. P. art. 1265.

Here, the service returns in the record show that service was made on Randolph on September 24, 2009. This is sufficient to satisfy plaintiff's burden of producing *prima facie* evidence that service was made, and the burden thus shifts to defendants to produce evidence showing that the service was improper. *See Tinsley*, 1998 WL 59481, at *3.

There is no dispute that Randolph is the chief executive officer of Lafourche Parish. The crux of the dispute here is whether plaintiff effected service on Randolph. This dispute is purely factual and, in essence, a "he said-she said" dispute. Cooper testifies that he personally served Randolph, and Randolph testified that he failed to do so. The Court finds that Randolph has met her burden in introducing strong and convincing evidence that service was not perfected.

With regard to the factual dispute only, the Court finds that *personal* service on Randolph was not perfected. The Court finds that Cooper entered the government building, asked for Randolph and then served a subordinate of Randolph. Cooper did not verify the identity of the women that he served, and he should have done so. The Court finds both parties' testimony credible but the balance here tips in Randolph's favor given the admission that as the chief executive officer of the parish, it would be highly unusual for a process server to serve her personally.

4

Notwithstanding this finding, however, the Court's inquiry is not at an end.

Neither party argued or briefed the ultimate issue here: Whether service is perfected on the chief executive officer of a parish when that service is delivered to a subordinate of the chief executive officer at her office. The parties have cited this Court to no case law -- and this Court has found none -- that addresses this underlying issue. This Court conducted a diligent search of the case law under Rule 4 and found many cases that address the timeliness of service under Rule 4 or who precisely the chief executive officer of a governing body is. The Court found no Fifth Circuit, Louisiana federal court or Louisiana state court case that addresses the precise issue before it.

The Court finds guidance, however, from a case out of the Northern District of Illinois. In *Doe v. Hersemann*, a non-party challenged service of a subpoena by certified mail. 155 F.R.D. 630 (N.D. Ill. 1994). The Court noted that Federal Rule of Civil Procedure 45(b)(1) requires service of a subpoena "*by delivering a copy thereof to such person. . . .*" *Id.* (quoting Fed. R. Civ. P. 45(b)(1)) (emphasis in original).[2] The court noted that "[n]othing in this language suggests that in-hand personal service is required to effectuate 'delivery. . . .'" *Id.* Finding that service by certified mail was sufficient, the Court looked to Rule 4 to bolster its conclusion:

> The court's conclusion is bolstered by the Federal Rule's description of personal service in the summons and complaint context as "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(1). If "delivering to such person," as stated in Rule 45(b)(1), required personal, in-hand service, then "personally" in Rule 4(e)(1) would be pure surplusage. The better conclusion is that the drafters knew how to indicate a personal service requirement and that they chose not to do so when they created Rule 45.

*Id.*

---

[2] The rule now states that service "requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). The slight change in language does not affect the Court's analysis.

This same analysis applies here. Service on an individual under Rule 4(e)(1) requires "delivering a copy of the summons and of the complaint to the individual *personally* . . . ." Fed. R. Civ. P. 4(e)(1) (emphasis added). By contrast, service on a state or local government requires "delivering a copy of the summons and of the complaint to its chief executive officer. . . ." *Id.* 4(j)(2). Nothing in the language of Rule 4(j)(2) requires a personal hand-off to Randolph of the summons and complaint. Were the Court to find so, the use of "personally" in Rule 4(e)(1) would be pure surplusage. *In re S. Scrap Material Co., L.L.C.*, 541 F.3d 584 594 (5th Cir. 2008) (noting that rendering part of statute mere surplusage violates canon of statutory construction). Indeed, "'[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir.1972)). Here, then, and like Congress, it is presumed that the drafters of the Federal Rules of Civil Procedure intentionally omitted the word "personally" from Rule 4(j)(2) because the drafters certainly knew how to include it as they did in Rule 4(e)(1).

The Court also finds that this conclusion is buttressed by the practical nature of serving a party. Personally serving an individual sued in her individual capacity is much more practical than personally serving the chief executive officer of a governing body who has layers of subordinates beneath her to address the more mundane and bureaucratic issues that arise in everyday government business. As Randolph noted during her testimony, she is named as a party in a lawsuit more often than she would like. To force the chief executive officer of a governing body to step away from her duties every time an individual wanted to serve her personally would not benefit -- and would

perhaps impede -- local government operations.

Here, Cooper served a subordinate of Randolph at the home office of the Lafourche Parish Government. In line with this Court's conclusion above, it is of no moment if he failed to serve her personally or failed to hand her the summons and complaint. Given Randolph's admission that the general procedure to accept service against the parish is that a subordinate accepts service, date- and then time-stamps the summons and complaint, makes a copy of the documents and then delivers a copy of the documents to Randolph, the Court finds that service here was sufficient under Rule 4(j)(2)(A). As admitted by Randolph during her testimony, it would be highly unusual for a process server such as Cooper to serve her personally and personally hand over a summons and complaint. As this Court has found that no personal service on her was necessary -- given the omission of the word "personally" in Rule 4(j)(2)(A) -- the Court finds service here sufficient.

While the Court recognizes that Article 1265 of the Louisiana Code of Civil Procedure contains the word "personally," this Court need not resort to state law because it has found service sufficient under Rule 4(j)(2)(A). *See Parson v. Wilmer Hutchins Ind. School Dist.*, No. Civ. A. 3:03-CV-0492, 2004 WL 575958, *1 (N.D. Tex. Feb. 27, 2004) ("Because service was effected on the chief executive officer of defendant, state law does not come into play.").

**IV.     Conclusion**

For the foregoing reasons, the Court **RECOMMENDS** that the District Court find that service was perfected on Charlotte Randolph in her official capacity on September 24, 2009.[3]

---

[3] The Court reminds the parties that its sole duty has been to resolve the factual issue of whether service was perfected on Randolph. As per the District Court's Order dated February 22, 2010, defendant shall file a motion for leave to re-notice her motion to set aside preliminary default for hearing before the District Court. This minute entry neither grants nor denies said motion, nor does the Court's finding constitute the District Court's final resolution of this matter.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) & 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**